Jasen, J.
(dissenting). I would reverse the order of the Appellate Division and hold the challenged executive order constitutional in its entirety.
The Governor of the State of New York derives his power from the State Constitution, which declares that "[t]he executive power shall be vested in the governor” (NY Const, art IV, § 1), and that "[h]e shall expedite all such measures as may be resolved upon by the Legislature, and shall take care that the laws are faithfully executed” (NY Const, art IV, § 3). Not only do these constitutional mandates vest broad powers in the Chief Executive, but they also charge him with far-reaching responsibilities to effectuate the laws enacted by the Legislature. (Matter of Broidrick v Lindsay, 39 NY2d 641.) Performance of so demanding a task would indeed be impossible if executive power were not commensurate with executive responsibility. Although broad, the powers of the executive are, of course, not unbounded; the Legislature alone is constitutionally empowered to enact law (NY Const, art III, § 1), and while the Governor is forbidden to trespass into the legislative sphere, where the Legislature has spoken he is mandated to implement its will.
Executive Order No. 10.1 is not an executive incursion into the legislative realm, for it finds ample support in a legislative predicate — the code of ethics. (Public Officers Law, § 74.) In broad but clear language, the code prescribes ethical standards for officers and employees of all State agencies. "No officer or employee of a state agency* * * should have any interest, financial or otherwise, direct or indirect, or engage in any business or transaction or professional activity or incur *176 any obligation of any nature, which is in substantial conflict with the proper discharge of his duties in the public interest.” (Public Officers Law, § 74, subd 2.) This statute announces the policy of the State, to prevent even the slightest taint of a conflict of interest from infecting any governmental agency. No qualification attaches to this policy; its scope is not limited to one branch of government or one sort of activity. It is rather a sweeping pronouncement that ethics in government must be scrupulously promoted and preserved. Executive Order No. 10.1 is unquestionably consistent with this policy. All of its provisions — the requirement of financial disclosure, the proscriptions against holding positions in political organizations and engaging in private employment for compensation or holding other public office or employment unless authorized by the Board of Public Disclosure — implement the statutorily mandated policy of the State. In helping to assure that the legislative purpose will be achieved, the challenged executive order, rather than an unconstitutional arrogation of power, is a constitutional discharge of executive responsibility.
Since the executive order owes its validity to its legislative underpinning, the continued existence of supportive legislation is imperative to the continued validity of the order. The Legislature’s exclusive lawmaking powers, however, are in no way circumscribed by this or any other executive action. Should the Legislature adopt further measures relating to ethics in government, the executive order would have to be measured against those enactments. Only so long as the order implements the will of the Legislature, as expressed by statutes, will it remain valid.
Judges Gabrielli, Jones and Wachtler concur with Chief Judge Breitel; Judge Cooke dissents in part and votes to modify in a separate opinion; Judge Jasen dissents and votes to reverse in another opinion; Judge Fuchsberg taking no part.
Order affirmed.
APPENDIX
Executive Order No. 10.1
I. The Board of Public Disclosure established by my Executive Order No. 10, dated May 22, 1975, is hereby continued, as set forth in Paragraph III thereof. In all other respects, the provisions of Executive Order No. 10 are hereby revoked.
*177 II. Any officer or employee of the Executive Department or of any other State department, division, board, commission, council, authority, public benefit corporation or agency, the head of which is appointed or nominated by the Governor, whose State salary is $30,000 per year or more, or who holds a non-secretarial or non-clerical position which has been classified as managerial or confidential pursuant to Section 201.7(a) of the Civil Service Law (or the equivalent thereof as determined by the Board), shall, upon the filing of an oath of office and annually on July first thereafter, file with the Board a Financial Disclosure Statement in the form prescribed by the Board, including a sworn statement of assets and liabilities, and income sources.
Any member of the governing body of any State board, commission, council, authority, public benefit corporation, or similar entity, appointed or nominated by the Governor, who receives compensation from the State, the amount of which exceeds $15,000 per year shall, upon the filing of an oath of office and annually on July first thereafter, file with the Board a Financial Disclosure Statement in the form prescribed by the Board, including a sworn statement of assets and liabilities, and income sources.
No such person shall serve as an officer of any political party or political organization, or serve as a member of any political party committee, including political party district leader (however designated), or member of a political party’s National Committee.
No such person shall engage in any activity which interferes or is in conflict with the proper and effective discharge of such person’s official duties, as determined by the Board.
Except upon a specific determination by the Board that any such activity will not interfere or conflict with the proper and effective discharge of any such person’s official duties, no such person shall:
—Hold any other public office or public employment for which compensation, direct or indirect, is received;
—Expend time or otherwise engage in any private employment, profession, business or other activity from which compensation, direct or indirect, is derived;
—Serve as director or officer of any profit making corporation or institution.
The Board may allow such activity only upon written application, and after a specific finding that such activity does not violate the intent of this Order and in no way interferes or conflicts with the proper and effective discharge of the official duties of the person making the request. In reaching its determination, the Board shall also apply the provisions of Sections 73 and 74 of the Public Officers Law. The Board shall make a determination in each such case, which shall be final. The determination of the Board in every such case shall be filed for public inspection with the Department of State in Albany. The Board shall promulgate rules governing the procedure by which such application will be considered.
The Board is hereby empowered to make such determinations with respect to defined categories of activities or defined categories of persons, which shall be applicable to all such persons.
III. Any member of the governing body of any State board, commission, council, authority, public benefit corporation, or similar entity, appointed or nominated by the Governor, who receives compensation from the State, the *178 amount of which is $15,000 per year or less, shall, upon the filing of an oath of office and annually on July first thereafter, file with the Board a Financial Disclosure Statement, in the form prescribed by the Board.
No such person shall engage in any activity which interferes or is in conflict with the proper and effective discharge of such person’s official duties, as determined by the Board.
IV. The Board shall review Financial Disclosure Statements to assure adequate compliance and to evaluate any claims of privacy. The Board shall report to the Governor any conflict of interest or violation of this Order.
Any person required to file a Financial Disclosure Statement may request the Board to delete an item, which may be deleted by the Board only upon a finding that any such item is of a highly personal nature, does not in any way relate to the duties of the position held by such person, and does not create an actual or potential conflict of interest.
The Board shall file Financial Disclosure Statements for public viewing with the Department of State in Albany, and shall establish a procedure, to be implemented by the Secretary of State, by which the Statements may be viewed by the public.
V. The provisions of this Order shall not apply to the members of the governing body of any State board, commission, or council which performs solely advisory functions, as determined by the Board.
VI. Upon request of the Governor, the Board shall review information submitted to the Governor by any prospective appointee, and shall advise the Governor whether any actual or potential conflicts of interest exist.
VII. Any procedure, opinion or determination of the Board in effect on the date of this Order, shall remain in effect, unless modified by action of the Board.
VIII. Every State agency shall develop appropriate disclosure requirement and standards for conflict of interest, for application within the agency. Such requirements and standards shall make specific reference to employees who are not covered by the provisions of this Order. Such requirements and standards shall be submitted to the Board prior to January 15, 1977. The Board shall review these submissions and report to the Governor.
Signed: Hugh L. Carey
Dated: October 22, 1976